PAULINE NEWMAN, Circuit Judge,
dissenting.
The issue is the extent to which a whis-tleblower must be made whole in remediation of retaliatory actions that were taken against him. Is it sufficient to return him to a position similar to the one he held three or four years earlier — before the retaliation and its consequences — or is he entitled to remedial action accommodating the lengthy period of litigation and its adverse effects on his employment status and advancement? My colleagues on this panel deny any remedial obligation beyond reinstatement in a position similar to that previously held.
Mr. Carson, after various whistleblowing events, had been retaliated against by being transferred from his employment at Oak Ridge, Tennessee, to the agency’s offices at Germantown, Maryland. He was eventually reinstated at Oak Ridge, but had missed several opportunities to compete for advancement at Oak Ridge. Thus Mr. Carson, although continually prevailing in extensive litigation, was worse off than he would have been had he remained silent about the violations on which he blew the whistle. The question is whether he is entitled to a remedy that could come closer to making him whole, and if so, what remedy is appropriate.
After the agency’s initial retaliation by moving him from Oak Ridge to German-town, Mr. Carson was obliged to litigate for over three years, in order to recover a position similar to the one he held when the retaliation began. The whistleblower law, and the policy underlying this law, require that the whistleblower be made whole, which in turn requires reasonable compensation by the agency for whatever losses were suffered by the whistleblower. In compensation for the lost opportunities for advancement, Mr. Carson asks no more than preferential consideration for future openings for which he is qualified, a remedy that the MSPB recognized in Baxter v. Office of Personnel Management, 44 M.S.P.R. 125, 133 (1990) (a remedy for failure to consider an applicant for past vacancies is to give priority consideration for future vacancies). Denial of any accommodation for this multi-year disadvantage is contrary to the purposes of the whistleblower protection law. Thus I must, respectfully, dissent from the majority’s ruling that Mr. Carson is precluded from further relief.
A
The three years of legal battles fought by Mr. Carson cannot be discerned from the majority opinion. Mr. Carson had been employed as a safety inspector in the Office of Environment, Safety, and Health at Oak Ridge. Over the years he reported multiple lapses in safety and waste in the nuclear weapons programs. On December 19, 1997 the agency issued a letter of admonishment and reassigned him to Ger-mantown, Maryland. Mr. Carson, viewing the reassignment as retaliatory for his adverse disclosures, complained to the Office of Special Counsel. Upon inaction by the *1379 Special Counsel, he appealed to the Merit Systems Protection Board.
On April 29, 1999 the administrative judge ruled that the reports were protected under the Whistleblower Protection Act, and ordered the agency to cancel the letter of admonishment and return Mr. Carson to Oak Ridge and the full range of his previously assigned duties. The agency returned Mr. Carson to a different position at Oak Ridge, not reinstating him as a safety inspector. The agency also appealed the AJ’s decision to the full Board. While that appeal was pending, the agency eliminated the Office of Environmental, Safety, and Health, and the resident safety inspection positions, including that previously encumbered by Mr. Carson, and again ordered the transfer of Mr. Carson to Germantown. After the full Board in February 2000 upheld the administrative judge’s decision in favor of Mr. Carson, Carson v. Dep’t of Energy, 85 M.S.P.R. 171 (2000), the agency offered him the choice of telecommuting to Germantown.
Mr. Carson filed a Petition for Enforcement, and the administrative judge ruled on October 5, 2000 that he must be employed at Oak Ridge, not at Germantown. By then, almost three years had elapsed since he was first disciplined for whistle-blowing. The agency again appealed to the full Board, and meanwhile placed Mr. Carson in a position at Oak Ridge with duties that appear to be related to those of his prior position and at the same grade GS-14. The full Board found that the agency was now in compliance. Carson v. Dep’t of Energy, 88 M.S.P.R. 260 (2001). The Board explicitly declined to consider the issue of Mr. Carson’s missed opportunities to apply for promotion, stating that this was the subject of a separate proceeding.
The Board apparently was referring to a separate Individual-Right-of-Action appeal filed by Mr. Carson in October 2000, wherein he stated that he was not made whole after the retaliation, because he had been deprived of the opportunity to compete 'for certain GS-14 and GS-15 positions at Oak Ridge. In that proceeding the administrative judge ruled that Mr. Carson did not meet his burden of proof, finding that the agency’s decision not to consider Mr. Carson’s applications for certain positions announced in September 1999 was not in retaliation for his past whistleblowing, but was because the positions were available only to incumbent employees of Oak Ridge Operations. Carson v. Dep’t of Energy, 94 M.S.P.R. 480 (M.S.P.B. 2003). This is the decision from which Mr. Carson now appeals.
Mr. Carson recognizes that the positions for which he could not apply have been filled. His argument is that the loss of promotional opportunity was a direct result of the agency’s retaliation, and therefore he is worse off than he would have been but for the whistleblowing and its consequences. He asks for priority consideration for future positions for which he is qualified, stating that the intent of the Whistleblower Protection Act is that whis-tleblowers who suffer retaliation would be made whole. He points out that the statute was designed to overcome the widespread belief that “[u]nless you are in a position to retire or are independently wealthy, don’t do it.” Whistleblower Protection Act of 1987: Hearing on S. 508 Before the Senate Subcommittee on Federal Services, Post Office, and Civil Service, Committee on Governmental Affairs, 100th Cong. 4 (1987) (testimony of Sen. Levin).
The panel majority rules that Mr. Carson is not entitled to this remedy because on August 31, 1999 he wrote to a supervisor that he would not request transfer to the Oak Ridge Operations office until “the MSPB rules on DOE’s June Petition for *1380 Review,” and on September 8, 1999 a supervisor responded that Oak Ridge Operations would not offer him a position. In November 1999 Mr. Carson applied for several announced positions including two at grade GS-15, and was told that those positions were open only to incumbent employees in the Oak Ridge Operations office. The panel majority holds that if Mr. Carson had requested earlier transfer to this office he could have been an incumbent and could have applied. Perhaps so. However, this does not support a ruling that Mr. Carson had chosen not to be considered for promotion. At most, it supports a ruling that he was still suffering the consequences of his whistleblowing.
Mr. Carson had been out of the promotion chain since late 1997, and was still confronting the agency’s appeal of the administrative judge’s decision in his favor, when he declined to take a step that he thought would diminish his position on that appeal. His letter of August 31, 1999 cannot of itself sustain the loss of all opportunities for promotion. The remedy for retaliatory agency action is to place the whistleblowing employee as nearly as possible in the position he would have occupied if the retaliation had not occurred. 5 U.S.C. § 1221 (g)(1)(A)(i); Kerr v. Nat’l Endowment for the Arts, 726 F.2d 730, 733 (Fed.Cir.1984). Reinstatement to the former position may or may not make the whistleblower whole; the specific circumstances must be considered. Martin v. Dep’t of Air Force, 184 F.3d 1366, 1372 (Fed.Cir.1999).
Mr. Carson states that the Board erroneously held that it was his burden “to show that his whistleblowing was a contributing factor in the agency’s failure to assign him to ORO in the fall of 1999, and in its failure to promote him.” Board op. at 6.1 agree, for this was both an incorrect statement of the law and a misplacement of the burden of proof. The burden of proof of statutory compliance is on the agency, not the wronged employee. See Briley v. Nat’l Archives & Records Admin., 236 F.3d 1373 (Fed.Cir.2001) (“If a plaintiff establishes a prima facie case of retaliation for whistleblowing, corrective action must be ordered unless ‘the agency demonstrates by clear and convincing evidence that it would have taken the same personnel action in the absence of such disclosure.’ ”) (relying inter alia on 5 U.S.C. § 1221(e)(2)). Whether or not the agency’s failure to assign him to Oak Ridge Operations in the 1999 action was in continued retaliation, if the situation was a consequence of past retaliation then it warrants remedial action. Thus although the panel majority stresses that the agency cannot be faulted for not having assigned Mr. Carson to the Operations office in 1999, the question is not one of fault, but of whether Mr. Carson, due to his whistle-blowing, was disadvantaged in employment.
The agency points to the difficulty of reconstructing the competition for past positions, and stresses that Mr. Carson might not have been selected for the 1999 promotion. I agree that it may not be easy to craft a remedy that would reasonably make Mr. Carson whole. However, it is incorrect to foreclose all remedy when, prima facie, Mr. Carson experienced the specified lost opportunities spanning the entire period of retaliation and litigation. The burden of full compliance is on the agency that retaliated, and doubts must be resolved in favor of the wronged employee. I would remand to the Board for determination, upon the correct law and placement of the burden of proof, the question of whether Mr. Carson lost promotion opportunities and, if so, to fashion a remedy in reasonable fulfilment of the statute.
B
My colleagues also hold that Mr. Carson is barred from raising this issue by res *1381 judicata. However, this aspect was not previously decided. The Board expressly reserved the question of lost opportunities, stating that “the appellant’s additional claim that the agency is in noncompliance because it rejected his application for GS-15 positions is not appropriately before the Board in this compliance proceeding.” Carson, 88 M.S.P.R. at 264-65. Thus, this claim was properly before the Board, and the appeal is properly before us.